```
Tony Fu
5813 Geary Blvd., PMB 188
San Francisco, CA 94121
Tel:   (415) 867 - 5973
Email: Tonydxfu@gmail.com

Defendant in Pro Per
```

FILED
AUG 28 2012
UNITED STATES BANKRUPTCY COURT
SAN FRANCISCO, CA

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:   DEMAS YAN, ("Demas") <br> *Wai* <br> Debtor | Bankruptcy Court Case No: 04-33526 TEC <br> Chapter 7 |
| DEMAS YAN, an individual, <br><br> Plaintiff, <br><br> v. <br><br> TONY FU, et al,   Stella Chen <br> and DOES 1-20,   Wei Suen <br>            Bryant Fu <br> Defendants.   Crystal Lei | Superior Court Case No: CGC-12-522566 <br> **NOTICE OF REMOVAL** <br> (28 U.S.C. § 1446; Fed R. Bankr. Pro.9027) <br><br> Adv. Proc. No. **12-3129**  TC <br> Status Conference <br> Hearing Date: <br> Time: <br> Judge:    Hon. Thomas Carlson <br> Place:    235 Pine Street, 23rd FL <br>          San Francisco |

Defendant Tony Fu ("Fu") submits this Notice of Removal pursuant to 28 U.S.C. Section 1446 and Rule 9027 of the Federal Rules of Bankruptcy Procedure, in support thereof respectfully alleges as follows:

1.   In violation of this Court's Amended Judgment of March 3, 2006 that specifically stated "Demas Yan is entitled to no further relief against Stella Chen, Tony Fu or Wei Suen," Demas

Yan, a/k/a Dennis Yan, the debtor, herein ("Yan" or "Debtor"), repeatedly commenced state court actions against Fu and anyone associates with Fu.

2. In response to a motion for summary judgment filed by Fu against one of the Yan's state court cases, on January 8, 2008, the above-entitled Court issued a Memorandum re Tony Fu's Motion for Summary Judgment wherein the Court determined that (1) Yan lacked standing to file the action because the claims asserted therein arose pre-petition and therefore could only be asserted in Yan's bankruptcy case by the Trustee; and (2) Yan's claims against Fu are also barred by the doctrine of claim preclusion since they arose out of the same nucleus of operative facts as the claims which Yan previously litigated and lost in the Consolidated Adversary Proceedings and "[a]llowing Yan to bring a new lawsuit regarding 663 Chenery Street every time he discovers additional causes of action would undermine the finality of the judgment." The Court dismissed that proceeding with prejudice. The Court subsequently dismissed Yan's other complaints.

3. On July 20, 2012, Yan filed yet another Complaint For Damages at the Superior Court of the State of California, County of San Francisco. This new lawsuit is attached as Exhibit A ("the new Yan Complaint").

4. Now, once again, this new Yan Complaint develops yet another new theory to attack the courts final judgments including this Court's Contempt Order as well.

5. The new Yan Complaint is a civil action over which this court has original jurisdiction under the provisions of 28 U.S.C. § 1334 (b) in that the allegations (a) affect property of the above-captioned estate; (b) involve pre-petition claims that can only be brought by the Trustee; (c) attack the integrity of the final judgments issued by this court; and (d) are barred by the doctrine of claim preclusion and/or res judicata. Accordingly, Fu seeks removal of the new Yan Complaint to the United States Bankruptcy Court, Northern District of California, San Francisco Division on the grounds the claims made therein concern and affect property of this bankruptcy estate and are therefore removable pursuant to 28 U.S.C. §§ 1441 and 1452. In addition, Fu requests that the removed new Yan Complaint be assigned to Judge Carlson so that the claims

made therein can be considered and adjudicated in the context of the prior decisions and Judgments he has already made in this case.

5.  Upon removal, the new Yan Complaint is a core proceeding pursuant to 28 U.S.C. §§ 157 (2) (A) and (E) and (O). To the extent the new Yan Complaint is determined to be noncore, then Fu consents to entry of final orders or judgment by the bankruptcy judge.

WHEREFORE, Fu prays that the new Yan Complaint pending in the San Francisco Superior Court and bearing Case No. CGC-12-522566 entitled Demas Yan v. Tony Fu, et al. be removed to this Court and assigned to Judge Carlson for further proceedings.

Dated: August 28, 2012

Respectfully submitted,

By: *[signature]*
Tony Fu,
Defendant in Pro Per

# Exhibit A

Case: 12-03129   Doc# 1   Filed: 08/28/12   Entered: 08/28/12 16:43:07   Page 5 of 14

DEMAS YAN
595 Market Street, Suite 1350
San Francisco, California 94105
Phone (415) 867-5797
Fax (415) 901-0650
Plaintiff in Pro Per

SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF SAN FRANCISCO
UNLIMITED CIVIL JURISDICTION

DEMAS YAN

    plaintiff,

vs.

TONY FU aka DONG XING FU, CRYSTAL LEI aka LI MING LEI, STELLA HONG CHEN aka HONG XING FU aka HONG XING CHEN, BRYANT FU, WEI SUEN, and DOES 1-20,

    Defendants.

Case No.: CGC-12-522566

COMPLAINT FOR DAMAGES

1. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

2. BREACH OF FIDUCIARY DUTY

3. FRAUDULENT TRANSFER

4. UNAUTHORIZED PRACTICE OF LAW (damages pursuant to Cal. Code Civ. Pro. § 1029.8)

5. MALICIOUS PROSECUTION

6. DECLARATORY RELIEF

DEMAND FOR JURY TRIAL

PRELIMINARY ALLEGATIONS

1. Plaintiff is over 18 years old, and is and at all times herein mentioned was, a resident of San Francisco County, California.

2. Plaintiff is informed and believes that Defendants are over 18 years old and at all times relevant were residents of the City and County of San Francisco, California.

complaint - 1

3. Defendants DOE 1 through 20 are sued herein under fictitious names. Their true names and capacities are unknown to plaintiff. When their true names and capacities are ascertained, Plaintiff will amend this cross-complaint by inserting their true names and capacities herein.
4. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, Defendants were agents, servants, and employees of their co-defendants, and in doing the things hereinafter alleged were acting in the scope of their authority as agents, servants, and employees, and with the permission and consent of their co-Defendants.
5. Venue is proper in this court as the events that gave rise to this action and the substance of the transactions at issue occurred within the City and County of San Francisco, California.

## SUBSTANTIVE ALLEGATIONS

6. Plaintiff DEMAS YAN and defendants TONY FU and CRYSTAL LEI were involved in business relationships in which they developed a multi-unit mixed used real estate property know as 663 Chenery Street in San Francisco ("Project"). In connection with the project, YAN and FU formed a corporation known as SAN FRANCISCO BUILDING PROFESSIONALS, INC ("SFBP") and were both shareholders and officers of the corporation.
7. During the course of the project, Defendants conspired with one another to defraud YAN out of the proceeds and profits of the project both during the construction of the project and afterwards in preventing YAN from his share of the profits. Defendants continue to the present in conspiring amongst themselves to injure YAN and prevent his access to his just share of the proceeds and profits from the project, thereby breaching their respective and collective duty to cross-complainant, so that the activities of one are attributable to all.

## FIRST CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
(Against FU and LEI and DOES 1-20)

8. Paragraphs 1-7 above are incorporated herein by reference.
9. Plaintiff DEMAS YAN ("YAN") filed for Chapter 7 bankruptcy protection on September 15, 2006. Because the bankruptcy court has ruled that pre-bankruptcy causes of action belong to the bankruptcy estate instead of cross-complainant, Plaintiff hereby only alleges post-

complaint - 2

September 15, 2006 events giving rise to this cause of action for Intentional Infliction of Emotional Distress.

10. Defendants and their agents knowingly and willfully conspired and agreed among themselves to commit a series of wrongs against YAN in order to inflict extreme emotional distress and to injure YAN and prevent his access to his just share of the proceeds and profits from their business project.

11. Around 2007, defendants ordered and took delivery of construction materials amounting to thousands of dollars for use on their property at 337 28th Avenue in San Francisco. Defendants ordered these materials using a corporate account that belong to a corporation known as San Francisco Building Professionals Inc ("SFBP") which was formed for the sole purpose of the Chenery project. Defendants improperly embezzled building material from SFBP and used them at defendants' personal properties. Defendants knowingly and purposefully refused to pay for the materials that they had ordered, and falsely accused YAN of taking delivery of those materials and falsely accused YAN of mismanaging the corporation.

12. Around 2007, defendants maliciously induced the building material supplier of SFBP to sue YAN for the building materials that Cross-defendants had wrongfully ordered and used for their personal properties without authorization of SFBP. Defendants maliciously fabricated lies that SFBP is a shell company and induced SFBP's creditors to sue YAN for SFBP's debts.

13. During 2009 to 2011, defendants, who were not licensed to practice law, willfully and maliciously provided false legal advices, drafted legal complaints, and induced a person named CHARLES LI to initiate legal actions against YAN in both the California Superior Court and the U.S. Bankruptcy court, all for the purpose of causing injury to YAN and to prevent YAN from access to proceeds from the project that were held in the bankruptcy court. Defendants committed subornation by maliciously drafted false allegations in legal papers used by CHARLES LI against YAN. Cross-defendants purposeful concealed their misdeeds and YAN did not discover the events herein stated until September 2011 during a deposition of CHARLES LI.

14. Defendants' conducts were coordinated and planned as a continuing tort, designed to inflict extreme emotional distress over an extended and continuous period of time. Defendants'

complaint - 3

conducts were malicious and intentional for the purpose of causing YAN to suffer humiliation, mental anguish, and extreme emotional and physical distress. Defendants' conducts were done with wanton and reckless disregard of the consequences to YAN.

15. As the proximate result of the acts alleged above, YAN suffered humiliation, mental anguish, and extreme emotional and physical distress, and has been injured in mind and body, all to cross- complainant's damage.

16. The acts of Defendants alleged above were willful, wanton, malicious, and oppressive, and justify the awarding of exemplary and punitive damages.

## SECOND CAUSE OF ACTION
### BREACH OF FIDUCIARY DUTY
(Against FU and LEI and DOES 1-20)

17. Paragraphs 1-7 above are incorporated herein by reference.

18. Plaintiff filed for Chapter 7 bankruptcy protection on September 15, 2006. Because the bankruptcy court has ruled that pre-bankruptcy causes of action belong to the bankruptcy estate instead of cross-plaintiff, cross-plaintiff hereby alleges post-September 15, 2006 events giving rise to this cause of action for Breach of Fiduciary Duty.

19. Defendants and their agents knowingly and willfully conspired among themselves to commit the tort against YAN as herein stated.

20. Defendants owe YAN duties of fair dealing, loyalty, and fiduciary duty because of their business relationships.

21. Around 2007, defendants ordered and took delivery of construction materials amounting to thousands of dollars for use on their property at 337 28th Avenue in San Francisco. Defendants ordered these materials using a corporate account that belongs to SFBP. Defendants knowingly and purposefully refused to pay for the materials that they had ordered, and falsely accused YAN of taking delivery of those materials and falsely accused YAN of mismanaging SFBP.

22. Around 2007, Defendants maliciously induced the building material supplier of SFBP to sue YAN for the building materials that Cross- defendants had wrongfully ordered and used for their personal properties without authorization of SFBP. Defendants maliciously fabricated

complaint - 4

lies that SFBP is a shell company and induced SFBP's creditors to sue YAN for SFBP's debts.

23. During 2009 to 2011, defendants, who were not licensed to practice law, willfully and maliciously provided false legal advices, drafted legal papers, and induced a person named CHARLES LI to initiate legal actions against YAN in both the California Superior Court and the U.S. Bankruptcy court, for the ostensible purpose of preventing YAN from access to funds that were due to YAN from their project.

24. Defendants' conducts were coordinated and planned as a continuing tort over an extended and continuous period of time, designed to unfairly take advantage of YAN in their business dealings and to cause malicious harm to YAN by preventing YAN from access to the funds that were due him from their project.

25. As a direct result of defendants' fraudulent and malicious actions, defendants unjustly profited at YAN's expense. Defendants' breach of fiduciary duties are direct and proximate causes of damages to YAN, including direct, consequential, and incidental pecuniary damages, loss of earnings, loss of prospective economic advantages, loss of reputation, loss of personal credit, and emotional distress and suffering. As a proximate result of the wrongful acts herein alleged, plaintiff has been damaged specifically and generally.

26. Defendants' actions as alleged above were and are oppressive, fraudulent, and malicious within the meaning of Civil Code Section 3294(a) in that they were willful, oppressive, and in conscious disregard of YAN's rights, thereby entitling YAN to an award of punitive damages.

THIRD CAUSE OF ACTION

FRAUDULENT TRANSFER

(Against all defendants)

27. Paragraphs 1-7 above are incorporated herein by reference.

28. Around the year 2000, FU and FU's wife LEI obtained a divorce from one another as a ploy to shield both their joint assets from FU's creditors, including a judgment of approximately $80,000 that is still unpaid stemming from a lawsuit in 2000. At the time of their divorce FU and LEI owned several real properties in San Francisco and that just prior to filing their

complaint - 5

Case: 12-03129   Doc# 1   Filed: 08/28/12   Entered: 08/28/12 16:43:07   Page 9 of 14

divorce, FU quitclaimed or transferred title in said properties to LEI. Among these properties are so transferred are properties known as 323 21ST AVENUE and 567 23RD AVENUE.

29. After their shame divorce, FU and LEI continued to live together and bought additional real properties in San Francisco. One such property is a property known as 337 28th Avenue in San Francisco.

30. Based on information and believe, FU fraudulently transferred, assigned or allowed the other defendants STELLA HONG CHEN aka HONG XING FU aka HONG XING CHEN, BRYANT FU, and WEI SUEN to take title to or possession of his funds, causes of action, contracts, agreements, and other properties while at all times FU maintained control and dominion over said properties.

31. The above mentioned transfers are done without receiving reasonably equivalent value in exchange and with actual intent to hinder, delay, or defraud all of FU's then and future creditors, including Cross- complainant in the collection of his claims.

32. The above-described fraudulent transfers were received by defendants with knowledge that FU intended to defraud, hinder, or delay the collection of claims of all the then and future creditors of FU.

## FOURTH CAUSE OF ACTION

### UNAUTHORIZED PRACTICE OF LAW
(Damages pursuant to Cal. Code Civ. Pro. § 1029.8)
(Against FU and LEI and DOES 1-20)

33. Paragraphs 1-7 above are incorporated herein by reference.

34. During 2009 to 2011, Defendants, who were not licensed to practice law, willfully and maliciously provided false legal advices, drafted legal complaints, and induced a person named CHARLES LI to initiate legal actions against YAN in both the California Superior Court and the U.S. Bankruptcy court. Defendants committed subornation by maliciously drafted false allegations in legal papers used by CHARLES LI against YAN. Defendants purposeful concealed their misdeeds and YAN did not discover the events herein stated until September 2011 during a deposition of CHARLES LI.

35. As a proximate result of Defendants' unauthorized practice of law, YAN had incurred special and general damages. Pursuant to Cal. Code Civ. Pro. § 1029.8, Defendants are liable for all

damages incurred by YAN arising out of the unlicensed practice of law, treble damages as provided by statute, and attorney's fees at the court's discretion.

## FIFTH CAUSE OF ACTION

## MALICIOUS PROSECUTION
(Against FU and DOES 1-20)

36. Defendant FU instituted the complaint in this action against YAN on Jul-06-2010 with a cause of action for defamation with allegation that YAN called him a "crook". As indicated by the allegations of malfeasances contained in this complaint, the truth is that FU is a crook. Truth is a complete defense to a defamation lawsuit.
37. On May 31, 2012, FU voluntarily dismissed said action on the eve of trial set for June 25, 2012.
38. FU acted without probable cause in bringing the above-mentioned action.
39. FU acted maliciously in bringing the above-mentioned action as a part of his conspiracy with defendants to harass and injure YAN, and to retaliate against YAN for his seeking judicial redress of the torts committed by FU and his co-defendants.
40. As a proximate result of the FU bringing the above-mentioned action, YAN has been damaged generally and specifically as set forth in prayer below.
41. Defendants' actions as alleged above were and are oppressive, fraudulent, and malicious within the meaning of Civil Code Section 3294(a) in that they were willful, oppressive, and in conscious disregard of YAN's rights, thereby entitling YAN to an award of punitive damages.

## SIXTH CAUSE OF ACTION

## DECLARATORY RELIEF

42. Plaintiff YAN filed for Chapter 7 bankruptcy protection on September 15, 2006. The bankruptcy court has ruled that pre-bankruptcy causes of action belong to the bankruptcy estate instead of plaintiff. Plaintiff desires a judicial determination of his rights as to the first

complaint - 7

and second causes of action as herein alleged, and a declaration as to whether those causes of action belong to Plaintiff as his personal property.

43. Plaintiff further contends that, because of the doctrine of continuing wrong and the accrual of actions based on the last acts, the first and second causes of action herein alleged for INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS and BREACH OF FIDUCIARY DUTY are personal properties of Plaintiff even if pre-bankruptcy events were alleged as well. Specifically, Plaintiff desires a judicial determination and declaration as to whether Plaintiff may add the following statements of pre-petition events to bolster and augment the first and second causes of action herein:

> Defendants breached their fiduciary duties to Plaintiff arising from their joint ventures, including embezzlement and conversion of joint venture funds and properties; defrauding YAN's share of joint venture proceeds by fraudulently inducing YAN to make promissory notes; misrepresentation of facts relating to joint venture transactions, embezzlement of YAN's properties by misrepresentation; altering and forging business and legal documents related to joint ventures; improperly instigating foreclosure proceedings against joint venture property and thereby forcing YAN into bankruptcy; and filing of false claims in YAN's bankruptcy case to deprive YAN of his share of proceeds from joint ventures.

WHEREFORE, Plaintiff prays judgment against defendants and each of them as follows:

1. general damages according to proof;
2. special damages according to proof;
3. judicial declaration as to cross-complainant's rights in the first and second causes of action;
4. exemplary and punitive damages in an amount appropriate to punish defendants and deter others from engaging in similar misconduct;
5. costs of suit herein incurred; and

complaint - 8

6. For such other and further relief as the court may deem proper.

Dated: July 16, 2012

By: <u>original signed</u>

Demas Yan,

Plaintiff

complaint - 9

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| DEMAS YAN<br>595 Market Street, Suite 1350<br>San Francisco, California 94105<br>TELEPHONE NO: 415-867-5797   FAX NO:<br>ATTORNEY FOR (Name): Plaintiff in pro per | **FILED**<br>Superior Court of California<br>County of San Francisco<br>JUL 20 2012<br>CLERK OF THE COURT<br>BY: _____<br>Deputy Clerk |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO<br>STREET ADDRESS: 400 MCALLISTER STREET<br>MAILING ADDRESS: SAN FRANCISCO, CA 94102<br>CITY AND ZIP CODE:<br>BRANCH NAME: | |
| CASE NAME: DEMAS YAN V. TONY FU, ET AL. | |

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [XX] Unlimited   [ ] Limited<br>(Amount   (Amount<br>demanded   demanded is<br>exceeds $25,000)   $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CGC-12-522566<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

   **Auto Tort**
   [ ] Auto (22)
   [ ] Uninsured motorist (46)

   **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
   [ ] Asbestos (04)
   [ ] Product liability (24)
   [ ] Medical malpractice (45)
   [ ] Other PI/PD/WD (23)

   **Non-PI/PD/WD (Other) Tort**
   [ ] Business tort/unfair business practice (07)
   [ ] Civil rights (08)
   [ ] Defamation (13)
   [ ] Fraud (16)
   [ ] Intellectual property (19)
   [ ] Professional negligence (25)
   [XX] Other non-PI/PD/WD tort (35)

   **Employment**
   [ ] Wrongful termination (36)
   [ ] Other employment (15)

   **Contract**
   [ ] Breach of contract/warranty (06)
   [ ] Rule 3.740 collections (09)
   [ ] Other collections (09)
   [ ] Insurance coverage (18)
   [ ] Other contract (37)

   **Real Property**
   [ ] Eminent domain/Inverse condemnation (14)
   [ ] Wrongful eviction (33)
   [ ] Other real property (26)

   **Unlawful Detainer**
   [ ] Commercial (31)
   [ ] Residential (32)
   [ ] Drugs (38)

   **Judicial Review**
   [ ] Asset forfeiture (05)
   [ ] Petition re: arbitration award (11)
   [ ] Writ of mandate (02)
   [ ] Other judicial review (39)

   **Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
   [ ] Antitrust/Trade regulation (03)
   [ ] Construction defect (10)
   [ ] Mass tort (40)
   [ ] Securities litigation (28)
   [ ] Environmental/Toxic tort (30)
   [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

   **Enforcement of Judgment**
   [ ] Enforcement of judgment (20)

   **Miscellaneous Civil Complaint**
   [ ] RICO (27)
   [ ] Other complaint (not specified above) (42)

   **Miscellaneous Civil Petition**
   [ ] Partnership and corporate governance (21)
   [ ] Other petition (not specified above) (43)

2. This case [ ] is [XX] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a.[XX] monetary   b.[XX] nonmonetary; declaratory or injunctive relief   c.[XX] punitive
4. Number of causes of action (specify):
5. This case [ ] is [XX] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 7/16/2012
DEMAS YAN
(TYPE OR PRINT NAME)                                (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov

Case: 12-03129   Doc# 1   Filed: 08/28/12   Entered: 08/28/12 16:43:07   Page 14 of 14