

Signed and Filed: December 23, 2013

_____
**THOMAS E. CARLSON U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br>DEMAS WAI YAN,<br>　　　　　　Debtor. | Case No. 04-33526 TEC<br>Chapter 7 |
| DEMAS WAI YAN,<br>　　　　　　Plaintiff,<br>　　vs.<br>TONY FU, STELLA CHEN, WEI SUEN,<br>BRYANT FU, and CRYSTAL LEI,<br>　　　　　　Defendants. | Adv. Proc. No. 12-3129 TC |

**MEMORANDUM DECISION DETERMINING DEMAS YAN
TO BE A VEXATIOUS LITIGANT**

This case came before the court on Defendant Tony Fu's motion for an order determining Demas Yan to be a vexatious litigant. Plaintiff Demas Yan (Yan) appeared *in pro per*. Defendant Tony Fu (Fu) appeared *in pro per*. Michael J. Betz appeared for Defendant Crystal Lei (Lei). The court hereby issues the following memorandum decision, which shall constitute its findings of facts and

MEMORANDUM DECISION DETERMINING
DEMAS YAN A VEXATIOUS LITIGANT　　-1-

conclusions of law.

**INTRODUCTION**

This bankruptcy case has been pending before this court for more than nine years. The assets of the bankruptcy estate have been liquidated, and all allowed claims have been paid in full with interest. All of Demas Yan's pre-petition claims against Defendants have either been settled by Trustee, adjudicated against Yan or remain property of the estate, never to be abandoned to Yan. In this action, Yan asserts pre-petition claims that were either previously rejected by a final order of this court or released by settlement agreements. The present action is the fifth that Yan has improperly commenced against Defendants. For the reasons set forth below, the court determines that Yan is a vexatious litigant and that he must obtain leave of court prior to commencing any future lawsuit against any of the Defendants in this court.

**FACTS**

1. <u>Joint Venture Between Yan and Fu</u>. In February 2000, Yan purchased a single-family residence at 663 Chenery Street, San Francisco, California (the Chenery Property). On October 18, 2000, Yan and Defendant Fu entered into a written joint-venture agreement to convert the Chenery Property into several condominium units. Yan was to contribute the Chenery Property and certain costs of construction and receive 75 percent of the sale proceeds. Fu was to supervise construction and supply additional costs of construction and receive 25 percent of the sale proceeds. Fu later assigned all of his rights under the joint venture agreement to Defendant Wei Suen (Suen).

2. <u>Secured Promissory Note from Yan to Chen</u>. On November 12,

2002, Yan executed a promissory note in favor of Defendant Stella Chen (Chen) in the amount of $450,000 (the Chen Note), which was secured by a deed of trust against the Chenery Property.

3. <u>Pre-Petition Litigation, Voluntary Bankruptcy Petition, and Sale of the Chenery Property</u>. On February 20, 2004, Yan filed an action against Fu, Chen, and Suen in San Francisco Superior Court seeking to prevent Chen from foreclosing under the Chen Note, and to quiet title to the Chenery Property (the Pre-Petition Action). On December 19, 2004, the San Francisco Superior Court denied Yan's motion to stop Chen's foreclosure. Yan filed a petition for relief under Chapter 11 in this court. Protected by the automatic stay, Yan was able to sell the Chenery Property in his Chapter 11 case at a price sufficient to pay all allowed secured and unsecured claims in full. Chen's secured claim and the Fu/Suen joint-venture interest attached to the sale proceeds.

4. <u>The Bankruptcy Court Judgment</u>. On January 25, 2005, Chen filed an adversary proceeding against Yan in this court to determine the enforceability of the Chen Note and deed of trust (A.P. Case No. 05-3236-TC).

On March 17, 2005, Chen removed the Pre-Petition Action to this court (A.P. Case No. 05-3257-TC), and the court consolidated that action with the Chen adversary proceeding. The court held a multi-day bench trial in the consolidated action.

On March 3, 2006, this court entered a judgment that determined the respective rights of all parties regarding the Chenery Property (the Bankruptcy Court Judgment). The court awarded Chen $767,655 in principal, interest, attorney fees, and costs. The court determined that Yan owed nothing to Fu or Suen. Of central importance here,

the court also determined that Yan had no enforceable claims against Fu, Suen, or Chen.

   5. <u>Appeals from the Bankruptcy Court Judgment</u>. Yan, Suen, and Chen all appealed to the District Court.  Yan's appeal was dismissed.  Chen's appeal of the disallowance of part of her claim was settled (See Part 8, below).  Suen prevailed in her appeal from this court's determination that Fu was barred from sharing the joint-venture proceeds because he was an unlicensed contractor. Suen later reached a settlement with the Trustee (See Part 11, below).  Of central importance here, the District Court's decision did not disturb the bankruptcy court's determination that Yan had no enforceable claims against Fu arising out of the joint venture.

   6. <u>Trustee Becomes Estate Representative</u>. On May 12, 2006, the bankruptcy court ordered the appointment of a trustee, and the United States Trustee selected Janina M. Hoskins (formerly Janina M. Elder) to serve as the Chapter 11 Trustee (the Trustee).

   7. <u>Claims Filed Against the Estate by Crystal Lei</u>. Fu's ex-wife, Crystal Lei, filed two proofs of claim against Yan's bankruptcy estate.  On March 29, 2006, Lei filed a general unsecured claim for $67,937, based on Yan's alleged breach of contract (Claim No. 11-1).  On October 13, 2006, Lei filed a second unsecured claim for $88,155, based on Yan's alleged failure to repay an installment note (Claim No. 16-1).

   8. <u>Trustee's Settlement with Chen</u>. On July 24, 2006, this court approved a settlement agreement between Trustee and Chen, resolving the amount due under the Chen Note.  The settlement agreement required Trustee to pay Chen $818,198 and contained the following release:

> the respective Parties to this Agreement, each acting on ... her own behalf ... do forever discharge the other ... in all capacities, including individually, from any and all actions, liabilities, ... claims, [etc.] of every kind, nature and description, including, but not limited to, tort, arising out of the facts alleged with regard to Chen Proceeding. The Parties acknowledge and agree that the foregoing releases shall extend to any and all adversary proceedings, proofs of claim or any other claims by or against any Party hereto, their assignors and the Debtor.

The settlement agreement also includes a waiver of each party's rights under California Civil Code section 1542. No appeal was taken from this court's order approving the settlement.

9. <u>Conversion to Chapter 7 and Discharge of Yan</u>. On September 15, 2006, the court entered an order converting this bankruptcy case to Chapter 7. Hoskins continued to serve as Trustee. On June 26, 2007, this court entered an order granting Yan a discharge.

10. <u>Yan's Unauthorized State-Court Actions Asserting Pre-Petition Claims Owned by the Estate</u>. On June 27, 2007, without permission of this court or Trustee, Yan filed an action against Fu and Lei in San Francisco Superior State Court (Case No. 07-464671) (the First State-Court Action). That action asserted claims for fraud, quiet title, and conversion based on pre-petition events regarding the Chenery Property and Lei's pre-petition purchase of real property located on 28th Avenue in San Francisco. Yan did not have authority to bring those claims because they were property of the estate, pursuant to section 541(a) of the Bankruptcy Code, and because Trustee was the only party authorized to prosecute claims of the estate.

On July 26, 2007, Trustee removed the First State-Court Action to this court (A.P. Case No. 07-3082-TC). On January 8, 2008, this

court dismissed the claims against Fu with prejudice on the basis that they were barred by the preclusive effect of the Bankruptcy Court Judgment. The court dismissed the claims against Lei without prejudice on the basis that those claims could be asserted only by Trustee.

On September 24, 2007, Yan filed another action against Fu and Lei in San Francisco Superior Court asserting claims for libel and slander based upon statements allegedly made by the defendants post-petition and post-conversion (Case No. 07-467500) (the Second State-Court Action). Although the original complaint in the Second State-Court Action alleged only claims arising post-conversion, Yan's second amended complaint alleges only pre-petition claims for breach of fiduciary duty, unjust enrichment, and fraudulent transfer regarding the Chenery Property, the same transaction at issue in the Bankruptcy Court Judgment.[1] The second amended complaint attempted to dodge the pre-petition nature of the claims by alleging Yan did not discover the facts underlying his claims until November 2006. Yan dismissed this action on December 13, 2011.

On January 24, 2008, again without permission of this court or Trustee, Yan filed another action against Fu and Lei in San Francisco Superior Court asserting that, sometime prior to February 2001, Yan hired Fu and Lei to provide construction services at 547 23rd Avenue, San Francisco, California and at the Chenery Property, that Yan paid Fu and Lei for such services, and that Yan is entitled to recoup such payments under California law because Fu and Lei were

---

[1] Yan filed the second amended complaint in 2009, after this court entered an order temporarily abandoning all remaining assets of the estate to him. See Part 14, below.

**MEMORANDUM DECISION DETERMINING**
**DEMAS YAN A VEXATIOUS LITIGANT**     -6-

not licensed contractors (Case No. 08-471333) (the Third State-Court Action). Yan dismissed this action on July 16, 2008.

   11. <u>Trustee's Settlements with Lei and Suen</u>. On March 4, 2008, the court approved Trustee's settlement with Suen. The settlement agreement provides that the parties mutually agree to waive:

> any and all claims arising out of this particular transaction [Chenery Property], that is, the subject matter of this case and ... include[s] a waiver of all claims known or unknown ...

No appeal was taken from the order approving the settlement.

   On May 29, 2008, the court approved a settlement agreement between Trustee and Lei. The Lei settlement agreement required Trustee to pay Lei $45,000 in satisfaction of Lei's two filed claims and included a broad mutual release of all known and unknown claims of Lei and Trustee:

> the respective Parties to this Agreement, each acting on her own behalf ... do forever discharge the other ... in all capacities, including individually, from any and all actions, liabilities, liens, debts, damages, torts, claims, suits, judgments, executions and demand of every kind, nature and description, arising in the Case, and relating to the assets, liabilities and administration of the Case and Estate. The Parties acknowledge and agree that the foregoing releases extend to adversary proceedings and proofs of claim in the Case.

The Lei settlement also includes a waiver of California Civil Code section 1542 and a clause entitling the prevailing party to recover attorney fees related to enforcement of the settlement. No appeal was taken from the order approving the settlement.

   **Thus, by June 2008, Trustee had released all of the estate's pre-petition claims against Lei, Suen, and Chen.**

   12. <u>State-Court Action Filed by Yan's Father</u>. On August 7, 2008, Yan's father, Cheuk Tin Yan, filed an action against Fu and
MEMORANDUM DECISION DETERMINING
DEMAS YAN A VEXATIOUS LITIGANT          -7-
Case: 12-03129   Doc# 28   Filed: 12/23/13   Entered: 12/24/13 11:50:43   Page 7 of 20

Lei in San Francisco Superior Court for fraud, quiet title, conversion, and unjust enrichment (Case No. 08-478364) (the Cheuk Tin Yan Action). The complaint is virtually identical to the complaint filed by Yan in the First State-Court Action and concerns pre-petition events regarding the Chenery Property. The only material difference between the First State-Court Action and the Cheuk Tin Yan Action is the substitution of Yan's father for Yan as plaintiff.

At a deposition, Yan's father testified that: (1) he did not know Lei; (2) he did not believe Lei owed him money; (3) he was unaware of the majority of the factual allegations in the complaint; (4) he cannot read or write English; and (5) he had not read any of the pleadings, but signed them because his son (Yan) told him to. See Case No. 10-3149, Docket No. 21, Exh. I.

13. <u>Approval of Final Account and Payment of All Claims</u>. On March 18, 2009, this court approved Trustee's final account, which provided for payment of all allowed claims in full with interest. On April 9, 2009, the court entered an order authorizing Trustee to pay all allowed claims in full and requiring Trustee to retain all surplus funds (approximately $380,000) pending a determination of disputed claims.

14. <u>Abandonment of Pre-Petition Claims to Yan</u>. On June 15, 2009, the court entered an order abandoning to Yan the bankruptcy estate's interest in all remaining pre-petition causes of action (the Abandonment Order). The court did so because Trustee stipulated to abandonment, and because the estate appeared to have surplus funds after payment of all valid claims.

15. <u>Fu's Defamation Action and Yan's Cross-Claims</u>. On July 6,

2010, Fu filed an action against Yan in San Francisco Superior Court for defamation (Case No. 10-501321) (the Fu Defamation Action). In response, Yan filed counter-claims against Fu and cross-claims against Chen, Lei, Suen, and Bryant Fu asserting claims arising from acts committed prior to the petition date (December 19, 2004).

On August 31, 2010, Chen removed the Fu Defamation Action to this court (A.P. Case No. 10-3152-TC).

16. <u>The February 18, 2011 Order</u>. On February 18, 2011, this court entered orders: (a) vacating the Abandonment Order, because of Yan's continuous misconduct of improperly asserting claims against Defendants that had been previously adjudicated or released (the Order Vacating Abandonment); (b) granting Chen, Lei, and Suen's motion for summary judgment on the cross-claims asserted by Yan, because those claims had been released by settlement agreements entered into with Trustee; and (c) granting Fu's motion to dismiss the counter-claims asserted by Yan, because those claims were barred by claim and issue preclusion. As a result of the Order Vacating Abandonment, all of Yan's pre-petition claims reverted back to the estate and can be asserted only by Trustee; Yan will never have authority to assert any pre-petition claims against any party.

Yan was afforded the opportunity to file an amended cross-complaint in the Fu Defamation Action asserting only post-petition claims, but instead filed a motion to reconsider the February 18th Order (the Motion to Reconsider). On March 30, 2011, the court denied the Motion to Reconsider. Yan did not appeal this order.

Also on March 30, 2011, the court entered an order dismissing with prejudice Yan's cross-complaint against Chen, Lei, Suen, Fu, and Bryant Fu. Yan appealed this order. In December 2011, the

District Court affirmed this court's order.

On May 31, 2012, Fu dismissed his complaint against Yan.

17. <u>Sanctions Against Yan</u>. On May 31, 2011, the court entered an order sanctioning Yan $3,000 pursuant to Rule 9011(b), because it found that Yan frivolously filed the Motion to Reconsider. Yan appealed, but the District Court affirmed.

On March 5, 2012, the court entered an order sanctioning Yan $1,200 for failing to pay $3,000 to Lei, Suen, and Bryant Fu pursuant to the May 31st order.

Yan ultimately paid both sanctions.

18. <u>The Current Action</u>. On July 20, 2012, Yan filed an action against Lei, Fu, Shen, Chen, and Bryant Fu in San Francisco Superior State Court (Case No. 12-522566) that asserts six claims for relief (the Current Action).

The first claim for relief alleges intentional infliction of emotional distress based on actions of Fu and Lei related to the Chenery Property and unauthorized practice of law by Fu and Lei.

The second claim for relief seeks damages for breach of fiduciary duty based on actions of Fu and Lei related to the Chenery Property and unauthorized practice of law.

The third claim for relief vaguely asserts that in 2000 Fu and Lei divorced as a ploy to shield their assets from Fu's creditors.

The fourth claim for relief asserts that Fu and Lei, whom are not licensed to practice law in California, assisted Charles Li in initiating actions against Yan in this court and in state court.

The fifth claim for relief asserts that Fu maliciously brought the Defamation Action against Yan.

The sixth claim for relief seeks a judicial determination of

**MEMORANDUM DECISION DETERMINING**
**DEMAS YAN A VEXATIOUS LITIGANT**         -10-

Case: 12-03129   Doc# 28   Filed: 12/23/13   Entered: 12/24/13 11:50:43   Page 10 of 20

Yan's rights with respect to his claims for relief for intentional infliction of emotional distress and breach of fiduciary duty.

On August 28, 2012, Fu removed the Current Action to this court (A.P. Case No. 12-3129-TC).

On August 29, 2012, Fu filed a Rule 12(b)(6) motion to dismiss and a motion for an order determining Yan a vexatious litigant. Lei joined both motions.

**JURISDICTION**

I conclude that this court has subject-matter jurisdiction over the present motion under 28 U.S.C. § 1334(b), and that the motion is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O). This is so, because the actions of Debtor that are the basis for the relief requested are inextricably intertwined with the administration of the bankruptcy case, because the essence of the conduct that gives rise to the relief requested is Debtor's failure to abide by (a) provisions of the Bankruptcy Code, (b) orders and judgments of the Bankruptcy Court, and (c) settlements properly negotiated by the bankruptcy trustee, and because the particular basis for the relief sought could never arise outside of a bankruptcy case.

**DISCUSSION**

Federal courts have discretion to enjoin parties from frivolous litigation. See Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1057 (9th Cir. 2007); Weissman v. Quail Lodge, Inc., 179 F.3d 1194, 1197 (9th Cir. 1999); De Long v. Hennessey, 912 F.2d 1144, 1147 (9th Cir. 1990) (citing Tripati v. Beaman, 878 F.2d 351, 352 (10th Cir. 1989)). "Bankruptcy courts, being courts established by Act of Congress, 'have the power to regulate vexatious litigation pursuant to 11 U.S.C. § 105 and 28 U.S.C. § 1651.'" Goodman v. Cal. Portland

Cement Co. (In re GTI Capital Holdings, LLC), 420 B.R. 1, 11 (Bankr. D. Ariz. 2009) (quoting Lakusta v. Evans (In re Lakusta), 2007 WL 2255230, *3 (N.D. Cal. 2007)).

Before imposing a pre-filing order against a vexatious litigant, the court must: (1) give the litigant notice and an opportunity to be heard; (2) compile an adequate record for review; (3) make substantive findings as to the frivolous or harassing nature of the litigant's actions; and (4) draft an order that is "narrowly tailored to closely fit the specific vice encountered." De Long, 912 F.2d at 1147–48. The Ninth Circuit observed that the factors set forth in Safir v. U.S. Lines, Inc., 792 F.2d 19 (2d Cir. 1986) provide a helpful framework for determining whether the litigant's prior actions were sufficiently frivolous and whether the remedial action is sufficiently narrow. Molski, 500 F.3d at 1058. The Safir factors are: (a) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (b) whether the litigant had an objective good faith expectation of prevailing in those actions; (c) whether the litigant was represented by counsel; (d) whether the litigant caused needless expense to other parties or imposed an unnecessary burden on the courts and their personnel; and (e) whether other sanctions would be adequate to protect the courts and other parties. Safir, 792 F.2d at 24.

1. Notice and Opportunity to be Heard. Notice and an opportunity to be heard before entry of a pre-filing order "is a core requirement of due process." Molski, 500 F.3d at 1058. In this case, Yan initially was not properly served with the Motion and he did not appear at the initial hearing. After the initial

hearing, the court entered an order continuing the matter 30 days to allow Yan adequate time to file opposition to the Motion. This order was served on Yan and provided Yan adequate notice of the date, time, and place of the continued hearing. Yan filed opposition to the Motion and appeared at the continued hearing. Accordingly, Yan had sufficient notice of the relief sought by Fu and an adequate opportunity to be heard.

    2. <u>Adequate Record for Review</u>. "An adequate record for review should include a listing of all the cases and motions that [leads] the court to conclude that a vexatious litigant order [is] needed." <u>De Long</u>, 912 F.2d at 1147. "At the least, the record needs to show, in some manner, that the litigant's activities were numerous and abusive." <u>Id.</u> (citations omitted). The findings of fact set forth above list five complaints (including the cross-complaint in the Fu Defamation Action) that Yan filed against Defendants asserting claims that were either previously adjudicated by a final order or had been released by settlement agreements. I find that Yan also caused his father to file a complaint against Fu and Lei that (a) the father acknowledged under oath he had no basis to file, and (b) that Yan had no basis to file on his own behalf because it concerned the pre-petition events regarding the Chenery Property adjudicated in the Bankruptcy Court Judgment. Finally, this court relies on the misconduct described in its Memorandum Decision of February 18, 2011, which misconduct caused this court to take the unprecedented action of revoking the Abandonment Order to prevent any further harassment of Defendants by Yan.

    3. <u>Frivolous or Harassing Nature of Action</u>. The court must make "substantive findings as to the frivolous or harassing nature of the

litigant's actions." De Long, 912 F.2d at 1148.  The court must evaluate "'both the number and content of the findings as indicia' of the frivolousness of the litigant's claims."  The court should employ the five Safir factors in making this evaluation.  See Molski, 500 F.2d at 1058.

    a. History of Litigation.  Set forth below is a summary of the actions filed by Yan that were frivolous because the claims asserted had been released, previously adjudicated, or belonged to the bankruptcy estate.

//

**MEMORANDUM DECISION DETERMINING**
**DEMAS YAN A VEXATIOUS LITIGANT**     -14-

| Nature of Action | Date Action Brought by Yan | Why Action Frivolous |
|---|---|---|
| Yan's pre-petition claims against **Chen** | (1) August 9, 2010 state-court cross-complaint;[2] (2) July 20, 2012 state-court action.[3] | Claims previously released under 2008 settlement agreement between Trustee and Chen |
| Yan's pre-petition claims against **Fu** regarding the Chenery Property | (1) June 27, 2007 state-court action;[4] (2) September 24, 2007 state-court action;[5] (3) January 24, 2008 state-court action;[6] (4) August 9, 2010 state-court cross-complaint;[7] (5) July 20, 2012 state-court action.[8] | Claims previously resolved against Yan through the 2006 Bankruptcy Court Judgment |
| Yan's pre-petition claims against **Suen** | (1) August 9, 2010 state-court cross-complaint;[9] (2) July 20, 2012 state-court action.[10] | Claims previously released under 2008 settlement agreement between Trustee and Suen |

---

[2] S.F. Sup. Ct. Case No. 10-501321; Bankr. A.P. Case No. 10-3152. See page 9 *supra*.

[3] S.F. Sup. Ct. Case No. 12-522566; Bankr. A.P. Case No. 12-3129. See pages 10-11 *supra*.

[4] S.F. Sup. Ct. Case No. 07-464671; Bankr. A.P. Case No. 07-3082. See pages 5-6 *supra*.

[5] S.F. Sup. Ct. Case No. 07-467500. See page 6 *supra*.

[6] S.F. Sup. Ct. Case No. 08-471333. See pages 6-7 *supra*.

[7] See footnote 2 *supra.*

[8] See footnote 3 *supra.*

[9] See footnote 2 *supra.*

[10] See footnote 3 *supra.*

MEMORANDUM DECISION DETERMINING
DEMAS YAN A VEXATIOUS LITIGANT       -15-

| | | |
|---|---|---|
| Yan's pre-petition claims against **Lei** | (1) August 9, 2010 state-court cross-complaint;[11] (2) July 20, 2012 state-court action.[12] | Claims previously released under 2008 settlement agreement between Trustee and Lei |
| Pre-petition claims asserted by Yan after 2006 appointment of Trustee and prior to 2009 Abandonment Order | (1) June 27, 2007 state-court action;[13] (2) September 24, 2007 state-court action;[14] (3) January 24, 2008 state-court action.[15] | At the time action filed, claims were property of the estate and Yan had no authority to assert these claims on behalf of the estate |
| Pre-petition claims asserted by Yan after 2011 revocation of Abandonment Order | July 20, 2012 state-court action. (the current action).[16] | After February 18, 2011, all claims arising from pre-petition events reverted to the estate and Yan had no authority to assert these claims on behalf of the estate |

b. <u>Motive in Pursuing Litigation</u>. I find that Yan pursued frivolous litigation against Defendants for the purpose of harassment. I infer bad intent because Yan filed six actions on account of pre-petition claims that had been previously released by Trustee (two actions against Chen, two actions against Suen, and two actions against Lei), because Yan filed five actions on account of pre-petition claims that had been previously adjudicated by a final order of this court (five actions against Fu), because Yan filed three actions against one or more Defendants on account of claims that had passed to the estate, and because Yan caused his father to

---

[11] <u>See</u> footnote 2 *supra*.

[12] <u>See</u> footnote 3 *supra*.

[13] <u>See</u> footnote 4 *supra*.

[14] <u>See</u> footnote 5 *supra*.

[15] <u>See</u> footnote 6 *supra*.

[16] <u>See</u> footnote 3 *supra*.

**MEMORANDUM DECISION DETERMINING**
**DEMAS YAN A VEXATIOUS LITIGANT** -16-

file an action against Fu and Lei that Yan's father acknowledged was not meritorious, and because Yan is an attorney and could understand why these actions were improper. This consistent and repeated behavior of asserting claims upon which relief could not be granted demonstrates that Yan filed these lawsuits merely to harass Defendants.

   c. <u>Whether Litigant was Represented by Counsel</u>. Yan is a lawyer.

   d. <u>Needless Expense on Opposing Parties and Burden on the Court</u>. Yan's actions have forced one or more Defendants to undertake unnecessary expense to defend themselves against repeated non-meritorious claims. This court has expended considerable time and resources on Yan's frivolous actions.

   e. <u>Adequacy of Other Sanctions</u>. Yan has a history of disobeying orders of this court. In July 2011, the court entered an order directing Yan to dismiss actions asserting pre-petition claims against Defendants. In May 2011 and in March 2012, this court imposed monetary sanctions because of Yan's attempts to relitigate the Chenery claims. None of these orders deterred Yan. In July 2012, he filed the Current Action, in which he once again asserts claims related to the Chenery Property that were previously adjudicated by a final order of this court or released by settlement agreements. Thus, it appears that monetary sanctions are not sufficient to deter Yan's misconduct. I find that no sanction short a pre-filing order will be sufficient to protect the court and Defendants from further frivolous lawsuits.

   4. <u>Narrowly Tailored Order</u>. The fourth and final <u>De Long</u> factor is that the pre-filing order must be narrowly tailored to the

vexatious litigant's wrongful behavior. In De Long, the Ninth Circuit found overly broad an order that barred plaintiff from filing *any* lawsuit in a particular district court. 912 F.2d at 1148. In O'Loughlin v. Doe, 920 F.2d 614, 618 (9th Cir. 1990), the court held that an order requiring plaintiff to show good cause before making *any* request to proceed *in forma pauperis* was not narrowly tailored. In Moy v. U.S., 906 F.2d 467, 470 (9th Cir. 1990), the court held that an order requiring plaintiff to obtain leave of court before filing *any* suit was overly broad, when the plaintiff had been litigious with only one group of defendants.

In contrast, the Ninth Circuit affirmed a pre-filing order that applied to only one type of lawsuit (actions under Title III of the Americans with Disabilities Act). Molski, 500 F.3d at 1061. The court noted that the order covered only the type of claims that plaintiff had been filing vexatiously. Id.

The pre-filing order issued here is consistent with Molski, because it applies only to actions against the small group of Defendants that Yan has repeatedly abused in this court.[17] The pre-filing review should extend to *all* causes of actions that Yan asserts against Defendants -- those alleged to arise post-petition as well as those arising pre-petition -- because Yan has attempted

---

[17] This court realizes that Yan has initiated most of his abusive actions in state court, and that the accompanying order does not directly limit Yan's ability to file actions against Defendants in any court other than this one. This court's determination that Yan is a vexatious litigant does, however, make Yan a vexatious litigant under California law, and entitles Defendants to seek protection in state court against abusive suits that Yan might file there. California C.C.P. § 391 et seq. This court hopes that its summary of Yan's prior actions, and its explanation of why those actions were improper under federal bankruptcy law, will be helpful to the California courts in supervising any actions that Yan may initiate against Defendants in the California court system.

MEMORANDUM DECISION DETERMINING
DEMAS YAN A VEXATIOUS LITIGANT      -18-

to conceal the pre-petition origins of his claims against Defendants. If Yan asserts against any Defendant a valid claim for relief that has not been previously adjudicated or released, and that is not property of the estate, then the court will permit Yan to proceed with that claim.

**\*\*END OF MEMORANDUM DECISION\*\***

## Court Service List

Tony Fu
5813 Geary Blvd. PMB 188
San Francisco, CA 94121