Signed and Filed: December 23, 2013

_____
THOMAS E. CARLSON U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br>DEMAS WAI YAN,<br>                    Debtor. | Case No. 04-33526 TEC<br>Chapter 7 |
| DEMAS WAI YAN,<br>                    Plaintiff,<br>   vs.<br>TONY FU, STELLA CHEN, WEI SUEN,<br>BRYANT FU, and CRYSTAL LEI,<br>                  Defendants. | Adv. Proc. No. 12-3129 TC |

**MEMORANDUM DECISION RE RULE 12(B)(6) MOTION TO DISMISS**

Defendant Tony Fu moves under Rule 12(b)(6) motion to dismiss this action. Plaintiff Demas Yan (Yan) appeared *in pro per*. Defendant Tony Fu (Fu) appeared *in pro per*. Michael J. Betz appeared for Crystal Lei (Lei).

The court grants motion to dismiss in part, as follows:

<u>Intentional Infliction of Emotional Distress</u>. The court grants Fu's motion to dismiss Yan's first claim for relief for intentional infliction of emotional distress without leave to amend to the

MEMORANDUM DECISION RE RULE
12(B)(6) MOTION TO DISMISS     -1-

extent that it asserts any claim related to the Chenery Property or any claim related to the purchase of building supplies on behalf of San Francisco Building Professionals, Inc. (SFBP), embezzlement of funds of SFBP, or inducing SFBP to sue Yan. Such claims were previously disposed of by the Bankruptcy Court Judgment and by the Lei Settlement, and Yan has no authority to assert this pre-petition claim following revocation of the Abandonment Order.

The court grants Fu's motion to dismiss the remainder of Yan's first claim for relief without prejudice to Yan's right to file a request for leave to file an amended complaint, because the complaint does not allege: (1) extreme and outrageous conduct by the defendant; (2) the defendant's intention of causing or reckless disregard of the probability of causing emotional distress; (3) the plaintiff's suffering severe or extreme emotional distress; and (4) actual and proximate causation of the emotional distress by the defendant's outrageous conduct. See Cole v. Fair Oaks Fire Prot. Dist., 43 Cal.3d 148, 155 (1987).

Breach of Fiduciary Duty. The court grants Fu's motion to dismiss Yan's second claim for relief for breach of fiduciary duty without leave to amend to the extent that it asserts any claim related to the Chenery Property or any claim related to the purchase of building supplies on behalf of SFBP, embezzlement of funds of SFBP, or inducing SFBP to sue Yan. This claim was previously disposed of by the Bankruptcy Court Judgment and by the Lei Settlement, and Yan has no authority to assert this pre-petition claim following revocation of the Abandonment Order.

The court grants Fu's motion to dismiss Yan's second claim for relief for breach of fiduciary duty without prejudice to Yan's right

to file a request for leave to file an amended complaint, because the complaint does not allege: (1) the existence of a (post-petition) fiduciary duty; (2) the breach of that duty; and (3) damages proximately caused by that breach. See Mosier v. S. Cal. Physicians Ins. Exch., 63 Cal.App.4th 1022, 1044 (1988).

Fraudulent Transfer. The court grants Fu's motion to dismiss Yan's third claim for relief for fraudulent transfer without leave to amend because this claim is virtually identical to the claim Yan asserted against all Defendants in his cross-complaint in the Fu Defamation Action, and because this court dismissed that claim without leave to amend.

Unauthorized Practice of Law. The court grants Fu's motion to dismiss Yan's fourth claim for relief for the unauthorized practice of law without prejudice to Yan's right to file a request for leave to file an amended complaint, because the complaint does not state facts sufficient to allow the court to determine whether the alleged actions of Fu or Lei could be construed as the unauthorized practice of law pursuant to California Business & Professions Code section 6125. See Morgan v. State Bar, 51 Cal.3d 598, 603 (1990) ("[t]he cases uniformly hold that the character of the act, and not the place where it is performed, is the decisive element, and if the application of legal knowledge and technique is required, the activity constitutes the practice of law ....") (citations omitted).

Malicious Prosecution. The court grants Fu's motion to dismiss Yan's fifth claim for relief for malicious prosecution without prejudice to Yan's right to file a request for leave to file an amended complaint, because the complaint does not allege that the prior action: (1) was commenced by or at the direction of the

**MEMORANDUM DECISION RE RULE 12(B)(6) MOTION TO DISMISS** -3-

defendant and was pursued to a legal termination in plaintiff's favor; (2) was brought without probable cause; and (3) was initiated with malice. See Paiva v. Nichols, 168 Cal.App.4th 1007, 1018 (2008) (citations omitted).

Declaratory Relief. The court grants Fu's motion to dismiss Yan's sixth claim for relief for declaratory relief without leave to amend because the Bankruptcy Court Judgment disposed of all claims related to the Chenery Property, because all pre-petition claims of Yan remain property of the estate and Yan has no authority to assert these claims on behalf of the estate, and because District Court Judge Richard G. Seeborg previously rejected Yan's argument regarding the doctrine of continuing wrong and accrual of actions based on his claims for relief for intentional infliction of emotional distress and breach of fiduciary duty. See Case No. 10-3152, Docket No. 108.

The proposed amended complaint attached to any request for leave to file such complaint shall allege with specificity the dates of occurrence of all acts giving rise to the relief requested.

**\*\*END OF MEMORANDUM DECISION\*\***

**MEMORANDUM DECISION RE RULE 12(B)(6) MOTION TO DISMISS** -4-

## Court Service List

Tony Fu
5813 Geary Blvd. PMB 188
San Francisco, CA 94121