Tony Fu
5813 Geary Blvd., PMB 188,
San Francisco, CA 94121
(415) 867 – 5973
Email: tonydxfu@gmail.com

Bryant Fu
337 28th Avenue
San Francisco, CA 94121
(415) 221 – 0969

Creditors in Pro Per


FILED
DEC - 3 2015
UNITED STATES BANKRUPTCY COURT
SAN FRANCISCO, CA

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: | ) Bankruptcy Court Case No: 04-33526 TC |
| | ) Chapter 7 |
| DEMAS YAN ("Yan") | ) |
| | ) Adversary Proceeding No.: ~~08-03166-TC~~ |
| Debtor | ) Adversary Proceeding No.: 12-03129-TC |
| | ) |
| | ) **NOTICE OF MOTION AND MOTION** |
| | ) **FOR LEAVE TO SUE THE DEBTOR'S** |
| | ) **TRUSTEE IN THE UNITED STATES** |
| | ) **DISTRICT COURT** |
| | ) |
| | ) Date:   January 8, 2016 |
| | ) Time:   9:30 a.m. |
| | ) Ctrm:   Hon. Thomas Carlson |
| | )         450 Golden Gate Avenue |
| | )         San Francisco, California 94102 |

## Notice of Motion

To Janina Hoskins:

NOTICE IS HEREBY GIVEN that on the above mentioned date, place, and time or as soon thereafter as the matter may be heard, Tony Fu ("Fu") and Bryant Fu ("Bryant"), will move the Court for leave to sue the Debtor Demas Yan ("Yan")'s Trustee Janina Hoskins in the United States District Court.

This Motion will be based on this notice of motion, on the memorandum of points and authorities, and on the attached copy of the proposed complaint served and filed herein, and on such and other evidence as may be presented at the hearing of the Motion.

Dated: December 2, 2015

Respectfully submitted,

By: _____
Tony Fu,
Creditor in Pro Per

By: _____
Bryant Fu,
Creditor in Pro Per

## Memorandum of Points and Authorities in Support

### Introduction

Fu and Bryant hereby move the Court and seek leave of Court for permission to file suit in the United States District Court against the Debtor Demas Yan's Chapter 7 Trustee Janina Hoskins ("the Trustee").

## Jurisdiction

The Court has Jurisdiction over the subject matter of the claims alleged pursuant to 28 U.S.C. § 157, and venue is proper pursuant to 28 U.S.C. § 1409.

## Background Facts

The compete background facts are stating in the attached proposed complaint.

## Legal Argument

Leave to sue the Trustee should be granted. Pursuant to 11 U.S.C. § 323, "(b) The trustee in a case under this title has capacity to sue and be sued." 28 U.S.C. § 959(a) states that "(a) Trustees, receivers or managers of any property, including debtors in possession, may be sued, without leave of the court appointing them, with respect to any of their acts or transactions in carrying on business connected with such property. Such actions shall be subject to the general equity power of such court so far as the same may be necessary to the ends of justice, but this shall not deprive a litigant of his right to trial by jury."

As the Statute specifically states that the suit may be filed "without leave of the court appointing them, with respect to any of their acts or transactions in carrying on business connected with such property." The Trustee may have taken the bribe (took it by her attorney) from the Debtor. Even if she did not do so, her subsequently committed gross negligent in performing her trustee duties were demonstrated on her indifference and inaction to the Debtor's lawsuits (plus more than 6 frivolous appeals) attacking Chenery, the bankruptcy estate. Further, the Trustee falsely claimed those lawsuits were post petition (9 Cir. Order finally determined that it was not) and so forth to willfully mislead the Court and other people. She had done "good" business for the Debtor concerning her "acts" not to intervene the lawsuits and appeals attacking Chenery and that directly "connected with such Property." i.e. the administration of the bankruptcy estate. Plaintiffs were forced to defend and subsequently save the estate from the Debtor's attack which mounted up to 28 millions dollars.

The proposed complaint attached onto this motion specifically shows that the fraud and gross negligent acts the Trustee has done, Fu and Bryant respectfully come before this Court asking for permission for leave to sue the Trustee.

This motion is made due to the fact that a bankruptcy trustee is an "officer" of the appointing court. As an officer of the court, the trustee is entitled to a form of derivative judicial immunity from liability for actions carried out within the scope of the trustee's official duties. *Bennett v. Williams,* 892 F.2d 822, 823 (9th Cir.1989); *Mullis v. United States Bankruptcy Court for Dist. of Nev.,* 828 F.2d 1385, 1390–91 (9th Cir.1987), *cert. denied,* 486 U.S. 1040, 108 S.Ct. 2031, 100 L.Ed.2d 616 (1988); *Jacksen,* 105 B.R. at 544. However, a trustee is entitled to such immunity only if the trustee is acting within the scope of authority conferred upon the trustee by the appropriate statute(s) or the court. *Jacksen,* 105 B.R. at 545 (*citing, Central Transport, Inc. v. Roberto (In re Tucker Freight Lines, Inc.),* 62 B.R. 213, 217 (W.D.Mich.1986)). While a trustee is allowed to make reasonable mistakes where discretion is allowed, a trustee may be sued for intentional or negligent actions which amount to violations of the duties imposed upon the trustee by law. *Bennett,* 892 F.2d at 823; *Hall v. Perry (In re Cochise College Park, Inc.),* 703 F.2d 1339, 1357 (9th Cir.1983). This is exactly what Fu and Bryant intend to do i.e. to complaint against the Trustee's intentional and fraudulent acts along with other defendants.

The Trustee's inaction and false claims to the Debtor's lawsuits and appeals attacking Chenery has breached her fiduciary duties in carrying out the administration of the estate. Therefore, 28 U.S.C. § 959(a) shall govern and it should be trial by jury. See *Kashani v. Fulton (In re Kashani),* 190 B.R. 875, 883-85 (9th Cir.BAP1995). Further, leave to sue should be granted due to the fraud (may have associated with the bribe) of the Trustee not to comply with the U.S Trustee Notice/Order, not to "tell" the Debtor to not continue filing lawsuits and appeals because Chenery causes of action was not a post petition, and as a matter of fact, she conspired with the Debtor to claim the Chenery causes of action a post petition.

Further, the Trustee willful misconducts include concealing the true value of the Debtor's HongKong property and not sending out the notice to Plaintiffs concerning the final distribution to the Debtor in 2011 in deceiving Plaintiffs and others in direct violation of the Statutes, i.e., 11 U.S.C. § 1106(a)(3) which provides that: "(a) A trustee shall… (3) except to the extent that the court orders otherwise, investigate the acts, conduct, assets, liabilities, and financial condition of the debtor…." See also, 11 U.S.C. § 1106(a)(4)(A) provides that: "(4) as soon as practicable… (A) file a statement of any investigation conducted under paragraph (3) of this subsection, including any fact ascertained pertaining to fraud, dishonesty, incompetence, misconduct, mismanagement, or irregularity in the management of the affairs of the debtor…" See also, 11 U.S.C. § 704(a)(2)(3)(4)(7) provides that "(a) Trustee shall… (2) be accountable for all property received; (3) ensure that the debtor shall perform his intention as specified in section 521 (a)(2)(B) of this title; (4) investigate the financial affairs of the debtor; (7) unless the court orders otherwise, furnish such information concerning the estate and the estate's administration as is requested by a party in interest;"

## Conclusion

The Debtor's Trustee has breached her fiduciary obligations due to fraud and gross negligence or willful misconduct in the execution of her statutory duties. This Court should grant this motion and permit to file the attached proposed complaint in the United States District Court to be trial by jury.

Dated: December 2, 2015

Respectfully submitted,

By: _____
Tony Fu, Creditor in Pro Per

_____
Bryant Fu, Creditor in Pro Per

Case: 12-03129    Doc# 65    Filed: 12/03/15    Entered: 12/04/15 12:40:09    Page 5 of 6
MOTION FOR LEAVE TO SUE DEBTOR'S TRUSTEE

# PROOF OF SERVICE

Case: **04-33526 TC**
Adv. Pro. No. 12-3129 / No. 08-3166

I am a legal resident of the United States, over the age of eighteen, not a party to this action. My business address 331-28th Avenue, San Francisco, CA 94121.

On December 3, 2015, I served the attached:

**NOTICE OF MOTION AND MOTION FOR LEAVE TO SUE THE DEBTOR'S TRUSTEE IN THE UNITED STATES DISTRICT COURT**

**PROPOSED COMPLAINT W/ EXHIBITS**

On the interested parties as follows:

Ms. JANINA HOSKINS
Trustee for Debtor Demas Yan
P.O. Box 158
Middletown, CA 95461
e-mail: Jmelder7@aol.com

__X__ BY U.S.MAIL:

On the interested party named above in said cause, by depositing a true copy thereof addressed and name as stated above onto the United States Postal Service in San Francisco with postage fully paid.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration is executed on December 3, 2015, at San Francisco, California.

*P. Poon*
Peter Poon